■ GEORGE GOLASZEWSKI, Appellant, v CADMAN PLAZA NORTH, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. KANO CONSTRUCTION CORP., Doing Business as KAY CONSTRUCTION CORP., Third-Party Defendant-Respondent. (And Another Action.)—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Williams, J.), dated April 27, 1987, as denied his motion for summary judgment, and Cadman Plaza North, Inc., and Peter J. Burgess Management Corp. appeal, as limited by their brief, from so much of the same order as denied, with leave to renew, their cross motion for summary judgment on their third-party complaint against Kano Construction Corp., doing business as Kay Construction Corp. for common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff-appellant was injured when he fell from a hanging scaffold to the roof of the defendants-appellants' building. Trial Term properly denied summary judgment to the plaintiff-appellant on the issue of liability. Although the plaintiff-appellant made out a prima facie violation of Labor Law § 240, the defendants carried their burden of showing that there existed several material issues that required a trial

*(Zuckerman v City of New York,* 49 NY2d 557, 560). In order to prevail under Labor Law § 240, the plaintiff-appellant had to show that there was a violation of the statute and that the violation caused his injury *(Lagzdins v United Welfare Fund-Security Div. Mariott Corp.,* 77 AD2d 585, 588). Here the plaintiff-appellant did not explain how he fell from the scaffold, and thus it was unclear that the alleged violation was the proximate cause of his accident. In addition, there were other issues of material fact which required a trial (CPLR 3212 [b]; *Warren v Arena Assocs.,* 109 AD2d 738, 739), including whether 1 of the 2 guardrails actually came loose, since both rails were in place the next day, and whether rope alone was an improper means to attach the guardrails, which would require expert testimony to establish.

The defendants-appellants sought summary judgment on their third-party complaint for common-law indemnification from third-party defendant Kano Construction Corp. only in the event the Supreme Court granted the plaintiff's motion for summary judgment. Since plaintiff's motion was properly denied, the Supreme Court properly did not reach the issues raised on the cross motion of the defendants-appellants and denied that cross motion with leave to renew. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.