■ MARK EVANS, Appellant, v CHELSEA INDUSTRIAL PARK, INC., et al., Respondents and Third-Party Plaintiffs-Appellants. QUALITY STEEL BUILDINGS, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Patsalos, J.), dated July 29, 1988, as denied his motion for summary judgment pursuant to Labor Law § 240 (1), and the defendants and third-party plaintiffs Chelsea Industrial Park, Inc. and Paraflex Industries, Inc. separately appeal from so much of the same order as denied their cross motions for summary judgment against the third-party defendant Quality Steel Buildings, Inc.

Ordered that the order is affirmed, without costs or disbursements.

The record reveals that the plaintiff Mark Evans, a construction worker for the third-party defendant Quality Steel Buildings, Inc. (hereinafter Quality Steel), was injured when he fell from a ladder to a cement floor while attempting to cut support cables. These events occurred on the premises owned by the defendant Chelsea Industrial Park, Inc. and leased to the defendant Paraflex Industries, Inc., which had retained Quality Steel to construct an addition to the building. Testimony was also adduced that the owner, lessee, and contractor all failed to equip the site with safety lines or nets to protect construction workers.

The record reveals that material issues of fact exist regarding the height at which the plaintiff was working at the time of the accident and the height of the ladder which he used. There are also questions about the placement of the ladder *(see, Bland v Manocherian,* 66 NY2d 452).

Since the plaintiff's motion was properly denied, the Supreme Court acted appropriately when it did not reach the issues with respect to contribution and indemnification raised in the cross motions of the defendants and third-party plaintiffs-appellants *(see, Golaszewski v Cadman Plaza N.,* 136 AD2d 596, 597). Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.