■ ALAN SCHIFFREN, Respondent, v GEORGIA KRAMER et al., Appellants, et al., Defendant. [640 NYS2d 175]

The plaintiff and his former wife were divorced by a judgment which gave the wife exclusive use and occupancy of the marital residence until two weeks after title was transferred to the plaintiff. The judgment also gave the plaintiff the right to inspect the premises at the time of closing and when the wife vacated the premises.

The wife relocated to Hawaii prior to the closing, but ar-

ranged for house-sitters to occupy the premises until August 1990. Upon learning that the premises had become vacant, the plaintiff arranged for an engineer's inspection. In response to a report of a burglary on the premises, the State police arrived to find the plaintiff at the marital residence. The officers ultimately placed the plaintiff under arrest for criminal trespass. After the charges were dismissed, the plaintiff commenced this action to recover damages for false arrest, false imprisonment, and malicious prosecution against the wife's attorneys, claiming that they had maliciously induced the police to arrest him. Upon the defendants' motion for summary judgment, the court dismissed the action as against attorney Donna Ellis for reasons which are not relevant to this appeal. The court concluded, however, that issues of fact precluded summary judgment with regard to the remaining defendants.

In moving for summary judgment, the defendants relied upon Ellis's allegation that a State police investigator telephoned her at her office to inquire whether there had been a closing on the premises. (It is not clear whether this telephone conversation occurred prior to or after the plaintiff's arrest.) Ellis stated that she had told the officer that there had not been a closing, and sent him a facsimile of the divorce judgment.

The only evidence submitted by the plaintiff to contradict Ellis's account of her involvement in the arrest was an affirmation by the plaintiff's former attorney, John Ruti, who was present at the time of the plaintiff's arrest, but was not a party to the telephone conversation between Ellis and the investigator. Ruti's account of what the investigator told him that Ellis had said over the telephone is therefore hearsay (see, Prince, Richardson on Evidence § 8-101 [Farrell 11th ed]).

While hearsay evidence of statements by an identified declarant may be sufficient to withstand a motion for summary judgment in certain circumstances (see, Egleston v Kalamarides, 58 NY2d 682, 684; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068; Landisi v Beacon Community Dev. Agency, 180 AD2d 1000, 1002-1003), such circumstances are not present in this case (see, Hausler v Spectra Realty, 188 AD2d 722, 724). The plaintiff therefore failed to submit sufficient evidence to contradict Ellis's claim that she merely provided information to the police. Because such limited involvement in a criminal prosecution will not support claims sounding in either malicious prosecution or false arrest (see, Cobb v Willis, 208 AD2d 1155, 1156; Eisenkraft v Armstrong, 172 AD2d 484, 486; Reeves v Manufacturers Hanover Trust Co., 88 AD2d 972, 973), the ap-

pellants were entitled to summary judgment dismissing the complaint insofar as asserted against them.

We find no basis for the imposition of sanctions (*see,* CPLR 8303-a). Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.