■ WILLIAM J. BELLAFIORE, Appellant, v L & K HOLDING CORP. et al., Respondents, et al., Defendant. [664 NYS2d 353] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered March 14, 1997, which denied his motion for partial summary judgment against the defendants L & K Holding Corp. and Fleet Industries, Inc., on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with one bill of costs, and the plaintiff's motion for partial summary judgment against the defendants L & K Holding Corp. and Fleet Industries, Inc., on the issue of liability pursuant to Labor Law § 240 (1) is granted.

The plaintiff had been provided with a mobile scaffold which was equipped with a control panel for moving the scaffold forward and backward. While the plaintiff was standing on the mobile scaffold, the motor spontaneously engaged, setting the scaffold in motion and causing it to tip over and crash to the ground. The plaintiff's affidavit and that of a co-worker who witnessed the accident constituted sufficient proof to establish a prima facie case pursuant to Labor Law § 240 (1) (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Anderson v Schul/*

*Mar Constr. Corp.,* 212 AD2d 493; *Bryan v City of New York,* 206 AD2d 448; *Birbilis v Rapp,* 205 AD2d 569).

The respondents failed to submit evidence in admissible form to rebut this prima facie showing (*see, Zuckerman v City of New York,* 49 NY2d 557). The statements made by Robert Bartow, the President of the defendant Fleet Industries, Inc., at an examination before trial, which were submitted by Fleet Industries, Inc., in opposition to the plaintiff's motion for partial summary judgment, did not reveal that he had personal knowledge of the facts of the accident and merely recounted what another person had told him. Those statements constituted inadmissible hearsay (*see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692; *Agoglia v Sterling Foster,* 237 AD2d 549; *Kruck v St. John's Episcopal Hosp.,* 228 AD2d 565; *Abbenante v Tyree Co.,* 228 AD2d 529) and were of no probative value (*see, Halloran v Virginia Chems.,* 41 NY2d 386, 392). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.