■ MANUEL CABRERA et al., Respondents, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Defendants, NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent, and MORRIS PARK CONTRACTING CORPORATION, Also Known as MORRIS PARK CONTRACTING CORP., Also Known as MORRIS PARK CONTRACTING, Appellant. [823 NYS2d 419]—

In an action to recover damages for personal injuries, etc., the defendant Morris Park Contracting Corporation, also known as Morris Park Contracting Corp., also known as Morris Park Contracting appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated May 11, 2005, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against it, denied its cross motion for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against it, denied that branch of its separate cross motion which was for summary judgment on the issue of common-law indemnification against the defendant New York City School Construction Authority, and granted that branch of the cross motion of the defendant New York City School Construction Authority which was for summary judgment on that defendant's cross claim for contractual indemnification against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"To establish liability under Labor Law § 240 (1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries" (*Reinoso v Ornstein Layton Mgt., Inc.*, 19 AD3d 678, 678 [2005]). The plaintiffs established their prima facie entitlement to judgment as a matter of law pursuant to Labor Law § 240 (1) by demonstrating that the injured plaintiff, Manuel Cabrera, was injured when he fell from an elevated platform after stepping onto a plank that was not secured and that rose up into the air (*see Mendez v Union Theol. Seminary in City of N.Y.*, 8 AD3d 32 [2004]; *Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854 [2002]; *La Lima v Epstein*, 143 AD2d 886 [1988]). In opposition, the appellant failed to raise a triable issue of fact as to whether the injured plaintiff's conduct was the sole proximate cause of the accident (*see Pichardo v Aurora Contrs., Inc.*, 29 AD3d 879 [2006]; *Vergara v SS 133 W. 21, LLC*, 21 AD3d 279 [2005]). Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment against the appellant on the issue of liability pursuant to Labor Law § 240 (1).

Furthermore, the Supreme Court properly granted that branch of the cross motion of the defendant New York City

School Construction Authority (hereinafter the SCA) which was for summary judgment on its cross claim for contractual indemnification against the appellant. Although a clause in a construction contract that purports to indemnify a party for its own negligence is void under General Obligations Law § 5-322.1, such a clause may be enforced where the party to be indemnified is found to be free of any negligence (*see Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.*, 23 AD3d 508 [2005]). The appellant failed to raise a triable issue of fact as to whether the SCA was negligent, as the SCA's "general duty to supervise the work and ensure compliance with safety regulations does not amount to supervision and control of the work site such that the [SCA] would be liable for the negligence of the contractor who performs the day-to-day operations" (*Warnitz v Liro Group*, 254 AD2d 411, 411 [1998]). Moreover, because the indemnification provision authorized indemnification " 'to the fullest extent permitted by law,' " it did not violate General Obligations Law § 5-322.1 (*Bink v F.C. Queens Place Assoc., LLC*, 27 AD3d 408, 409 [2006], quoting *Murphy v Columbia Univ.*, 4 AD3d 200, 202 [2004]; *Dutton v Pankow Bldrs.*, 296 AD2d 321 [2002]).

The appellant's remaining contentions are without merit. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.