■ KAZIMIERZ MADALINSKI, Appellant, v STRUCTURE-TONE, INC., et al., Respondents. [850 NYS2d 505]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated June 9, 2006, which denied his motion for summary judgment on the issue of liability on his claims pursuant to Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on his claims pursuant to Labor Law § 240 (1) is granted.

The plaintiff, an asbestos handler employed by a demolition subcontractor, was injured when he turned on a high-pressure water hose, and the pressure of the water caused him to fall off a scaffold. The scaffold, which the plaintiff had been directed to use, had no side rails, and no other protective device was provided to the plaintiff to prevent him from falling. The plaintiff's proof was sufficient to establish that he was engaged in an activity covered under Labor Law § 240 (1) (*see Rivers v Sauter*, 26 NY2d 260, 263 [1970]; *Tylman v School Constr. Auth.*, 3 AD3d 488, 489 [2004]; *cf. Diaz v Applied Digital Data Sys.*, 300 AD2d 533, 535 [2002]), and that the failure to provide

proper protection constituted a proximate cause of his injuries (*see Vergara v SS 133 W. 21, LLC*, 21 AD3d 279, 280 [2005]; *Podbielski v KMO-361 Realty Assoc.*, 294 AD2d 552, 553-554 [2002]; *Lightfoot v State of New York*, 245 AD2d 488, 489 [1997]; *Bellafiore v L & K Holding Corp.*, 244 AD2d 443, 443-444 [1997]).

The defendants failed to submit evidence in admissible form to rebut this prima facie showing (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The deposition testimony of the senior project manager and the safety director of the defendant Structure-Tone, Inc., relied upon by the defendants in opposition to the plaintiff's motion, revealed that neither of these two witnesses had personal knowledge of the facts of the accident, or the condition of the scaffold at the time of the accident. Their statements regarding the accident and the scaffold's condition were based on inadmissible hearsay, surmise, and conjecture, and were of no probative value (*see Gelesko v Levy*, 37 AD3d 528 [2007]; *Bellafiore v L & K Holding Corp.*, 244 AD2d at 444). The respective accident reports provided by Structure-Tone, Inc., the plaintiff's employer, and the shop steward were not admissible because they did not qualify as business records (*see* CPLR 4518 [a]). Accordingly, the plaintiff's motion for summary judgment on the issue of liability on his claims pursuant to Labor Law § 240 (1) should have been granted. Lifson, J.P., Dillon, Covello and McCarthy, JJ., concur.