■ JEFFREY RITZER, Appellant, v 6 EAST 43RD STREET CORP. et al., Respondents. [871 NYS2d 26]—

Plaintiff was injured when he fell from a scaffold. In order to defeat summary judgment, defendants had to establish that plaintiff had adequate safety devices available, that he was aware of that availability and the expectation that he would use them, that for no good reason he chose not to, and that had he not made that choice he would not have been injured (*Kosavick v Tishman Constr. Corp. of N.Y.*, 50 AD3d 287, 288 [2008]). Defendants have not offered an alternative theory as to the cause of injury. They have not alleged or demonstrated that plaintiff was solely responsible for his own injuries or was furnished with protective devices, or that the scaffold had safety rails or a locking mechanism free of defects to prevent the apparatus from slipping. All they have offered is speculation that the accident might have occurred in some other manner (*see Pichardo v Urban Renaissance Collaboration Ltd. Partnership*, 51 AD3d 472, 473 [2008]). In short, plaintiff was subjected to an elevation-related risk while working, and the failure to provide him with adequate safety devices was a proximate cause of his injuries (*see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978 [2003]). Without a genuine question of fact, plaintiff is entitled to the protection of Labor Law § 240 (1) as a matter of law.

As for the cause of action predicated on Industrial Code (12 NYCRR) § 23-5.18 (b) and (e), mandating that manually

propelled, mobile scaffolds be equipped with a safety railing and properly designed casters, this regulation is sufficiently specific to support a claim under section 241 (6) (*see Vergara v SS 133 W. 21, LLC*, 21 AD3d 279, 281 [2005]). It is undisputed that the scaffold had no safety railings and was equipped with only two locking devices for the four wheels of the scaffold. Since defendants never raised a triable question of fact as to plaintiff's prima facie showing under 12 NYCRR 23-5.18, plaintiff should also have been afforded partial summary judgment on his claim under section 241 (6). Concur—Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ. [*See* 2007 NY Slip Op 33188(U).]