■ JOSE MIGUEL MORAN, Appellant, v 200 VARICK STREET ASSOCIATES, LLC, et al., Respondents. [914 NYS2d 307]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Mayersohn, J.), entered February 3, 2010, as denied those branches of his motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) predicated on 12 NYCRR 23-5.18 (b), and (2) so much of an order of the same court dated April 19, 2010, as, in effect, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered February 3, 2010, is dismissed, as that order was superseded by the order dated April 19, 2010, made upon reargument; and it is further,

Ordered that the order dated April 19, 2010, is reversed

insofar as appealed from, on the law, and upon reargument, the determination in the order entered February 3, 2010, denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability on his causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) predicated on 12 NYCRR 23-5.18 (b) is vacated, and those branches of the plaintiff's motion are granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants appearing separately and filing separate briefs.

In order to prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that there was a violation of the statute and that the violation was a proximate cause of his injuries (see *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]). Here, the plaintiff satisfied his prima facie burden of establishing his entitlement to judgment as a matter of law on his Labor Law § 240 (1) cause of action by demonstrating that he was engaged in a statutorily protected activity when he fell off a scaffold that failed to provide proper protection because it lacked safety railings. Accordingly, the statute was violated and the violation was a proximate cause of his injuries (see *Zengotita v JFK Intl. Air Term., LLC*, 67 AD3d 426, 427 [2009]; *Madalinski v Structure-Tone, Inc.*, 47 AD3d 687, 687-688 [2008]; *Vergara v SS 133 W. 21, LLC*, 21 AD3d 279, 280 [2005]). In opposition, the defendants failed to raise a triable issue of fact sufficient to defeat the plaintiff's entitlement to summary judgment on his Labor Law § 240 (1) cause of action. The evidence that the plaintiff was not engaged in a statutorily protected activity or was intoxicated was not admissible (see *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Maniscalco v Liro Eng'g Constr. Mgt.*, 305 AD3d 378, 380 [2003]; *Madalinski v Structure-Tone, Inc.*, 47 AD3d at 688). Moreover, since the scaffold lacked safety railings, the defendant's alleged intoxication was not the sole proximate cause of his injuries (see *Bondanella v Rosenfeld*, 298 AD2d 941, 942 [2002]; *Podbielski v KMO-361 Realty Assoc.*, 294 AD2d 552, 553-554 [2002]; *Sergeant v Murphy Family Trust*, 284 AD2d 991, 992 [2001]). Evidence that a subsequent inspection of the scaffold revealed that its wheel locks were functioning properly was insufficient to raise a triable issue of fact as to whether the scaffold provided proper protection in light of the fact that it lacked railings (see *Vergara v SS 133 W. 21, LLC*, 21 AD3d 279, 280 [2005]; *Crespo v Triad, Inc.*, 294 AD2d 145, 147 [2002]).

The plaintiff also satisfied his prima facie burden of establishing his entitlement to judgment as a matter of law on his Labor

Law § 241 (6) cause of action insofar as predicated on a violation of 12 NYCRR 23-5.18 (b) (*see Ritzer v 6 E. 43rd St. Corp.*, 57 AD3d 412, 413 [2008]). In opposition, the defendants failed to raise a triable issue of fact (*id.*).

Accordingly, in effect, upon reargument, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on his causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) predicated on 12 NYCRR 23-5.18 (b). Covello, J.P., Florio, Eng and Chambers, JJ., concur.