ANTONIO SILVA, Respondent, v FC BEEKMAN ASSOCIATES, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants-Respondents. GOTHAM SAFETY SERVICES CORP., Third-Party Defendant-Appellant. [938 NYS2d 583]—

The plaintiff alleged that he was injured on October 22, 2007, while employed by nonparty Urban Foundation Engineering, LLC, and working in an elevator pit on a construction project at a residential high-rise building in Manhattan, when he fell approximately 14 feet from a scaffold.

The plaintiff commenced this action against FC Beekman Associates, LLC, the owner of the subject premises, and Kreisler Borg Florman General Construction Company, the general contractor on the construction project (hereinafter together the defendants), alleging that the defendants were negligent and violated, inter alia, Labor Law § 240 (1). The defendants commenced a third-party action asserting causes of action for, inter alia, common-law indemnification and contribution against Gotham Safety Services Corp. (hereinafter Gotham), the site safety representative whose duties included performing a daily safety inspection of the site and advising the contractors of any needed corrective action, such as the need to use railings for fall protection.

Labor Law § 240 (1) provides, in relevant part, that "[a]ll contractors and owners and their agents . . . in the erection, demolition, repairing, altering, . . . or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1]).

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law based on his testimony that he fell approximately 14 feet from an elevated scaffold, which was positioned two feet from a wall and was not equipped with railings or surrounded with netting, and that he was not provided with a personal safety device, such as a harness or lifeline (see Moran v 200 Varick St. Assoc., LLC, 80 AD3d 581, 582 [2011]; Chlebowski v Esber, 58 AD3d 662, 663 [2009]; Madalinski v Structure-Tone, Inc., 47 AD3d 687, 687-688 [2008]). In opposition, the defendants raised triable issues of fact. The defendants proffered the affidavit of the plaintiff's co-employee and foreman, James Kern. Kern asserted, in relevant part, that the plaintiff was working with Kern and another laborer maneuvering a steel lintel into place around the top of a vault box while a site safety representative from Gotham was watching from the east side of the vault box. Although Kern stated that he did not witness the accident, he asserted that the scaffold was equipped with railings on at least two sides.

The Supreme Court erred in refusing to consider any portion of Kern's affidavit in opposition to the plaintiff's motion for summary judgment as inadmissible hearsay. Although hearsay evidence is insufficient to defeat a motion for summary judgment if it is the only evidence submitted (*see Roche v Bryant*, 81 AD3d 707, 708 [2011]; *Roldan v New York Univ.*, 81 AD3d 625, 627 [2011]; *Stock v Otis El. Co.*, 52 AD3d 816, 816-817 [2008]), Kern's statement that the scaffold was equipped with two railings was based on his personal observation and was not hearsay.

We disagree with our dissenting colleague's description and characterization of Kern's affidavit. In his affidavit, Kern expressly averred that "[t]he scaffold was equipped with railings on at least two sides, including the side off [of] which [the] [p]laintiff allegedly fell." The fact that this statement was not followed by the words "at the time of the accident" is not dispositive. When Kern's affidavit is read in proper context and in its totality, it is sufficiently clear that Kern was referring to the time of the subject accident.

"It is not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). There is no basis to conclude that the issues presented are not genuine or to determine, as a matter of law, in effect, that Kern is lying. Accordingly, Kern's assertions raise triable issues of fact as to whether the defendants violated Labor Law § 240 (1) and, if so, whether the violation was a proximate cause of the plaintiff's injuries, requiring the denial of the plaintiff's motion for summary judgment on the issue of liability with respect to the cause of action alleging a violation of Labor Law § 240 (1) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Wiener v Rosmarin*, 282 AD2d 449, 449-450 [2001]; *Golaszewski v Cadman Plaza N.*, 136 AD2d 596, 597 [1988]).

The Supreme Court properly denied that branch of Gotham's motion which was for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution. Based on its authority as the site safety consultant, its ability to stop imminently dangerous work from continuing, and the evidence that a Gotham representative observed the plaintiff working on the scaffold prior to the accident, without taking any action, Gotham failed to make a prima facie showing of its entitlement to judgment as a matter of law, as it failed to make a prima facie showing that it was free from negligence in the happening of the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Weitz v Anzek Constr. Corp.*, 65 AD3d 678, 681 [2009];

*Goodleaf v Tzivos Hashem, Inc.*, 19 Misc 3d 1104[A], 2008 NY Slip Op 50555[U] [2008], *affd* 68 AD3d 817 [2009]). Rivera, J.P., Angiolillo and Roman, JJ., concur.

Belen, J., dissents in part and concurs in part, and votes to affirm the order appealed from, with the following memorandum: I respectfully dissent, in part, because I disagree with my colleagues' determination to reverse the order insofar as appealed from by the defendants/third-party plaintiffs and to deny the plaintiff's motion for summary judgment on the issue of liability with respect to the cause of action alleging a violation of Labor Law § 240 (1).

The plaintiff alleged that on October 22, 2007, while employed by nonparty Urban Foundation Engineering, LLC (hereinafter Urban), and working on a scaffold erected inside an elevator pit during a construction project at a residential high-rise building in Manhattan, he fell from a height of approximately 10 to 14 feet into an approximately two-foot wide gap between the scaffold and the elevator pit wall. At the time, the plaintiff was working with two coworkers, including Urban's foreman, both of whom were standing outside the elevator pit to install steel lintels, which were approximately six feet by twelve feet long, over the top of the next elevator pit. The plaintiff commenced this action against the premises owner, FC Beekman Associates, LLC (hereinafter FC Beekman), and the project's general contractor, Kreisler Borg Florman General Construction Company (hereinafter KBF and together with FC Beekman, the defendants), respectively, seeking to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).

Labor Law § 240 (1) imposes liability upon property owners and contractors who violate the statute by failing to provide or erect safety devices necessary to give proper protection to workers exposed to elevation-related hazards, where such failure constitutes a proximate cause of the accident (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]; *Balzer v City of New York*, 61 AD3d 796, 797 [2009]; *Chlebowski v Esber*, 58 AD3d 662, 663 [2009]). A scaffold without guardrails or other protective devices to prevent a worker from falling constitutes a violation of Labor Law § 240 (1) (*see Moran v 200 Varick St. Assoc., LLC*, 80 AD3d 581 [2011]; *Zengotita v JFK Intl. Air Term., LLC*, 67 AD3d 426 [2009]; *Madalinski v Structure-Tone, Inc.*, 47 AD3d 687 [2008]).

Here, in support of his motion for summary judgment, the plaintiff established, prima facie, that the defendants violated

Labor Law § 240 (1) by directing him to use a scaffold with no guardrails or other protective devices to prevent him from falling into the approximately two-foot wide gap between the scaffold and the elevator pit wall, and that such failure constituted a proximate cause of his injuries (*see Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1194-1195 [2011]; *Moran v 200 Varick St. Assoc., LLC*, 80 AD3d at 582; *Zengotita v JFK Intl. Air Term., LLC*, 67 AD3d at 427; *Madalinski v Structure-Tone, Inc.*, 47 AD3d at 687-688). In opposition, the defendants failed to raise a triable issue of fact.

"Although hearsay evidence may be considered in opposition to a motion for summary judgment, it is insufficient to bar summary judgment if it is the only evidence submitted" (*Arnold v New York City Hous. Auth.*, 296 AD3d 355, 356 [2002]; *see Stock v Otis El. Co.*, 52 AD3d 816 [2008]; *Rodriguez v Sixth President*, 4 AD3d 406 [2004]). However, a narrow exception applies to this bar against hearsay if the proponent sets forth the name of the witness, the substance of his or her testimony, how the proponent became aware of the witness's testimony, and how the witness acquired his or her knowledge (*see* CPLR 3212 [f]; *Egleston v Kalamarides*, 58 NY2d 682 [1982]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]; *Phillips v Kantor & Co.*, 31 NY2d 307, 312 [1972]; *Maniscalco v Liro Eng'g Constr. Mgt.*, 305 AD3d 378, 380 [2003]; *Landisi v Beacon Community Dev. Agency*, 180 AD2d 1000, 1002 [1992]).

The affidavit of Urban's carpentry foreman, James Kern, which was the sole evidence submitted by the defendants in opposition to the plaintiff's motion, in pertinent part, admitted that he did not witness the accident. Instead, Kern averred that he was "later informed" by an unnamed "Gotham Safety representative at the site" that, just before the plaintiff fell, he was standing not on the scaffold plank, but outside the scaffold perimeter, with one foot atop the elevator pit wall and the other on a cross brace of the scaffold frame. This statement was inadmissible hearsay (*see Roldan v New York Univ.*, 81 AD3d 625, 627 [2011]; *Hochhauser v Electric Ins. Co.*, 46 AD3d 174, 178 [2007]; *Schiffren v Kramer*, 225 AD2d 757, 758 [1996]). Without more, such hearsay was insufficient to raise a triable issue of fact as to the defendants' liability under Labor Law § 240 (1) (*see Stock v Otis El. Co.*, 52 AD3d 816 [2008]; *Rodriguez v Sixth President*, 4 AD3d 406 [2004]; *Arnold v New York City Hous. Auth.*, 296 AD2d at 356). Moreover, Kern's affidavit was bereft of all information required to fit within the exception: it did not name the Gotham safety representative who

purportedly told him about the accident, did not state whether the Gotham safety representative actually witnessed the accident, did not specify when the Gotham safety representative relayed the information to Kern, and did not set forth the substance of the Gotham safety representative's anticipated testimony (*see Allstate Ins. Co. v Keil*, 268 AD2d 545, 545-546 [2000]; *Schiffren v Kramer*, 225 AD2d at 758). Contrary to the defendants' contention, they failed to set forth a reasonable excuse for their failure to submit competent evidence of the accident's occurrence.

I further submit that, while Kern's description of the scaffold as having "railings on at least two sides, including the side off which Plaintiff allegedly fell," was not hearsay, it nevertheless fails to raise a triable issue of fact as to whether the scaffold was equipped with railings at the time the plaintiff fell. Notably, Kern's affidavit explicitly states that "[a]t *the time of Plaintiff's alleged fall*, Plaintiff was installing a metal frame over a Con Edison vault box . . . [which] is essentially a pit, approximately ten (10) feet deep" (emphasis added), and "[a]t *the time of his alleged fall*, Plaintiff, another Urban laborer (whose name I cannot recall) and myself were maneuvering the metal frame into place around the top of the vault box" (emphasis added). In contrast, in describing the scaffold's railings as being located "on at least two sides, including the side off which Plaintiff allegedly fell," Kern pointedly omits any description that such railings were in place at the time the plaintiff fell. Indeed, Kern did not witness the plaintiff's fall, and when he last saw the plaintiff, Kern describes him as "standing on the scaffold plank, inside the scaffold perimeter," with no mention of the alleged railings. There is simply no evidence produced by the defendants that shows that there was a railing on the scaffold when the plaintiff actually fell.

Moreover, it is well settled that credibility is generally not considered in a summary judgment motion "unless it clearly appears that the issues are not genuine, but feigned" (*Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]). Here, I respectfully submit that, at best, Kern's bare description that the scaffold was equipped with guardrails raises only a feigned issue of fact designed to avoid the consequences of KBF's photographs of the scaffold taken immediately after the plaintiff's accident, which the plaintiff submitted in support of his motion and which clearly show that the scaffold was not equipped with any guardrails (*see Sherman-Schiffman v Costco Wholesale, Inc.*, 63 AD3d 1031 [2009]; *Benedikt v Certified Lbr. Corp.*, 60 AD3d 798 [2009]; *Friedman v Ocean Dreams, LLC*, 56 AD3d 719 [2008]; *Matter of Fisch v Aiken*, 252 AD2d 556 [1998]).

The defendants' reliance on *Golaszewski v Cadman Plaza N.* (136 AD2d 596 [1988]) is misplaced. In *Golaszewski*, the plaintiff, who had fallen from a scaffold, met his prima facie burden of establishing the defendants' liability on the Labor Law § 240 (1) cause of action. Notably, the plaintiff did not explain how he fell from the scaffold. In opposition to the motion, the defendants raised a triable issue of fact regarding, inter alia, "whether 1 of the 2 guardrails actually came loose, *since both rails were in place the next day*" (*id.* at 597 [emphasis added]). In contrast, here, the defendants submitted no evidence supporting Kern's bare statement that the scaffold was equipped with guardrails or explaining why KBF's photographs taken immediately after the accident depicted the scaffold as lacking guardrails.

I further find it significant that Beekman's accident report, completed on the day of the accident, describes the cause of the accident as follows: "[e]mployee slipped [and] fell off scaffold" and makes no mention of any scaffold guardrails.

In short, because I find that, in opposition to the plaintiff's motion, the defendants failed to submit competent evidence sufficient to raise a triable issue of fact, I would affirm the Supreme Court's order, inter alia, granting the plaintiff's motion for summary judgment on the issue of liability with respect to the cause of action alleging a violation of Labor Law § 240 (1). **[Prior Case History: 2010 NY Slip Op 33567(U).]**