In an action to recover damages for personal injuries, etc., the defendant ACA Waste Services, Inc., appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated October *789 5, 2011, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
Ordered that the order is affirmed, with costs.
The complaint alleged that the plaintiff Edson D. Santos (hereinafter the injured plaintiff) was injured at a construction site when he slipped and fell from the top of an improperly placed and secured dumpster. A subcontractor, the defendant ACA Waste Services, Inc. (hereinafter ACA), allegedly had been hired to supply and place the dumpster. The plaintiffs asserted causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6).
ACA moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, submitting the affidavit of its President, Andrew Campelli. Campelli averred that his employees had been instructed by employees of another subcontractor, Black Hawk, Inc. (hereinafter Black Hawk), as to where to place the dumpsters that ACA had been retained to provide at the construction site. Campelli further averred that Black Hawk’s owner, Thomas Guarino, “told me the accident happened when one of his employees climbed up onto the dumpster to pull out material that did not belong in that particular dumpster [and] his employee . . . fell backwards out of the dumpster . . . Guarino told me there was nothing wrong with the dumpster at the time of this accident.” In opposition, the plaintiffs submitted an affidavit of the injured plaintiff setting forth his account of the accident. The Supreme Court denied the motion.
Campelli’s statements in his affidavit regarding the condition and placement of the dumpster, and of the circumstances of the accident, “did not reveal that he had personal knowledge of the facts of the accident and merely recounted what another person had told him. Those statements constituted inadmissible hearsay” (Bellafiore v L & K Holding Corp., 244 AD2d 443, 444 [1997]; see Madalinski v Structure-Tone, Inc., 47 AD3d 687 [2008]). As ACA failed to make a prima facie showing of entitlement to judgment as a matter of law, we need not address the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
Although this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue or cause of action that was the subject of a motion before the Supreme Court (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]; Mack v Brown, 82 AD3d 133 [2011]), we decline the plaintiffs’ request to search the record *790 and award them summary judgment on the cause of action alleging violations of Labor Law § 240 (1) (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335 [2011]).
ACA’s remaining contentions are without merit. Balkin, J.E, Lott, Austin and Sgroi, JJ., concur.