■ DOROTEO VASQUEZ-ROLDAN, Appellant, v TWO LITTLE RED HENS, LTD., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [10 NYS3d 603]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated November 21, 2013, which denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Two Little Red Hens, Ltd., and BSH, LLC.

Ordered that the order is reversed, on the law, with one bill of costs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Two Little Red Hens, Ltd., and BSH, LLC, is granted.

The plaintiff allegedly sustained personal injuries when he fell from a scaffold while removing pipes in a ceiling during a renovation project. The plaintiff commenced actions, which were consolidated, against, among others, the defendant BSH, LLC (hereinafter BSH), which owned the premises, and the defendant Two Little Red Hens, Ltd. (hereinafter Red Hens), which leased the premises. After depositions had been conducted, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against BSH and Red Hens (hereinafter together the defendants). The Supreme Court denied the motion.

Labor Law § 240 (1) imposes a nondelegable duty upon owners, lessees that control the work performed, and general contractors to provide safety devices necessary to protect workers from risks inherent in elevated work sites (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]; *Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 770 [2012]). "To recover on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute, and that the violation was a proximate cause of the accident" (*Przyborowski v A&M Cook, LLC*, 120 AD3d 651, 653 [2014]; *see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 553-555 [2006]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that he was injured when he fell from a scaffold which lacked safety rails on the sides and that he was not provided with a safety device to prevent him from falling (*see Garzon v Viola*, 124 AD3d 715, 716 [2015]; *Silva v FC Beekman Assoc., LLC*, 92 AD3d 754, 755 [2012]; *Moran v 200 Varick St. Assoc., LLC*, 80 AD3d 581, 582 [2011]; *Madalinski v Structure-Tone, Inc.*, 47 AD3d 687, 687-688 [2008]).

In opposition, the defendants failed to raise a triable issue of fact. Contrary to their contention, they did not raise a triable issue of fact as to whether the conduct of the plaintiff or his coworker was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *Gabrus v New York City Hous. Auth.*, 105 AD3d 699, 700 [2013]; *Moran v 200 Varick St. Assoc., LLC*, 80 AD3d at 582; *Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693, 696 [2006]). The defendants failed to raise a triable issue of fact as to whether the plaintiff's decision to use the subject scaffold was the sole proximate cause of the accident given that there was no evidence that anyone instructed the plaintiff that he was "expected to" use another scaffold (*Gallagher v New York Post*, 14 NY3d 83, 88 [2010]; *see Przyborowski v A&M Cook, LLC*, 120 AD3d at 653). Further, the defendants' contention that a scaffold with side safety rails was available at the time of the accident is speculative.

The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court should have granted the plaintiff's motion. Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.