■ JAN KUPIEC, Appellant, v MORGAN CONTRACTING CORP. et al., Respondents. [26 NYS3d 779]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated June 26, 2014, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant Morgan Contracting Corp.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant Morgan Contracting Corp. is granted.

On April 19, 2012, the plaintiff was working as a waterproofer on a scaffold between the second and third floors of a building and was injured when he stepped into a hole in the scaffold and fell through it. The plaintiff subsequently commenced this action to recover damages for personal injuries against Morgan Contracting Corp. (hereinafter Morgan Contracting), the general contractor at the construction site, and Del Savio

Masonry Corp. (hereinafter Del Savio), a subcontractor that erected the subject scaffold. The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Morgan Contracting, asserting that the scaffold was not suitable to protect him from the elevation-related hazard, as it was missing foot planks and a guardrail at the location of his fall. The Supreme Court denied that branch of the plaintiff's motion, and the plaintiff appeals.

Labor Law § 240 (1) is to be "interpreted liberally to accomplish its purpose" (*Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]). To establish liability pursuant to Labor Law § 240 (1), a plaintiff must "demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries" (*Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 642 [2006]). Here, the plaintiff's proof was sufficient to establish, prima facie, that he was engaged in an activity covered under Labor Law § 240 (1), and that the failure to provide proper protection constituted a proximate cause of his injuries (*see Bland v Manocherian*, 66 NY2d 452 [1985]; *Vasquez-Roldan v Two Little Red Hens, Ltd.*, 129 AD3d 828 [2015]; *Madalinski v Structure-Tone, Inc.*, 47 AD3d 687 [2008]; *Vergara v SS 133 W. 21, LLC*, 21 AD3d 279 [2005]).

Contrary to Morgan Contracting's contention, the deposition testimony of the superintendent, the masonry foreman, and a mason tender was insufficient to raise a triable issue of fact as to whether the plaintiff's conduct in allegedly removing a guardrail prior to his accident was the sole proximate cause of his injuries. These three witnesses did not have personal knowledge of the facts of the accident, or the condition of the scaffold at the time of the accident, and, as such, their testimony was based on inadmissible hearsay and was of no probative value (*see Casasola v State of New York*, 129 AD3d 758 [2015]; *Guanopatin v Flushing Acquisition Holdings, LLC*, 127 AD3d 812 [2015]; *Madalinski v Structure-Tone, Inc.*, 47 AD3d 687 [2008]; *Ernest v Pleasantville Union Free School Dist.*, 28 AD3d 419 [2006]; *Olmedo v Port Auth. of N.Y. & N.J.*, 256 AD2d 319 [1998]).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Morgan Contracting. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.