■ Oscar Ramon Viera, Appellant, v WFJ Realty Corp., Defendant/Third-Party Plaintiff-Respondent, and KDM Indus-

TRIES, LTD., Defendant/Third-Party Defendant-Respondent. JOSEPH MALAVE, Doing Business as KDM INDUSTRIES, Third-Party Defendant-Respondent. [31 NYS3d 613]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated May 1, 2014, as denied his motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and (2) and 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

On June 12, 2010, the plaintiff was working on a scaffold, affixing aluminum siding to the roof of a grocery store. The plaintiff allegedly was injured when a piece of the siding that he was handling came into contact with overhead power lines, causing him to sustain an electric shock and fall off the scaffold. The plaintiff subsequently commenced this action to recover damages for personal injuries against WFJ Realty Corp. (hereinafter WFJ), the owner of the property, and KDM Industries, Ltd. (hereinafter KDM), a contractor at the construction site. The plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 and 241 (6) against WFJ and KDM. The Supreme Court denied the plaintiff's motion.

Labor Law § 240 (1) is to be "interpreted liberally to accomplish its purpose" (*Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]). To establish liability pursuant to Labor Law § 240 (1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]; *Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 642 [2006]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that he was injured when he fell from a scaffold that lacked a safety railing, and that he was not provided with a safety device to prevent him from falling (*see Vasquez-Roldan v Two Little Red Hens, Ltd.*, 129 AD3d 828, 829 [2015]; *Madalinski v Structure-Tone, Inc.*, 47 AD3d

687, 687-688 [2008]; *Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2007]; *Danielewski v Kenyon Realty Co.*, 2 AD3d 666, 667 [2003]). In opposition, the defendants failed to raise a triable issue of fact (*see Vasquez-Roldan v Two Little Red Hens, Ltd.*, 129 AD3d at 830; *Madalinski v Structure-Tone, Inc.*, 47 AD3d at 688; *Rudnik v Brogor Realty Corp.*, 45 AD3d at 829; *Danielewski v Kenyon Realty Co.*, 2 AD3d at 667). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

To establish liability pursuant to Labor Law § 240 (2), there must be proof that "the subject scaffolding was more than 20 feet above the ground and lacked properly secured safety rails, and that the failure to provide such protection was a proximate cause of plaintiff's injuries" (*Tama v Gargiulo Bros., Inc.*, 61 AD3d 958, 960 [2009]; *see* Labor Law § 240 [2]). Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240 (2) cause of action, as his submissions presented a triable issue of fact as to whether the scaffold at issue was more than 20 feet above the ground (*cf. Tama v Gargiulo Bros., Inc.*, 61 AD3d at 960).

With respect to the Labor Law § 241 (6) cause of action, the plaintiff argues that the defendants violated 12 NYCRR 23-5.1 (j) (1); 23-1.15 and 23-1.16, and that such violations were the proximate cause of his injuries. However, the plaintiff did not raise these Industrial Code provisions before the Supreme Court and, thus, they are improperly raised for the first time on appeal (*see Jara v New York Racing Assn., Inc.*, 85 AD3d 1121, 1124 [2011]; *Portillo v Roby Anne Dev., LLC*, 32 AD3d 421, 422 [2006]). With regard to the plaintiff's contention that the Supreme Court should have awarded him summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 200, the plaintiff did not move for such relief, and therefore, we do not consider his arguments, which are raised for the first time on appeal. Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.