Marulanda v Vance Assoc., LLC (2018 NY Slip Op 02452)





Marulanda v Vance Assoc., LLC


2018 NY Slip Op 02452


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-05959
 (Index No. 20869/11)

[*1]Jose Marulanda, appellant-respondent, 
v
Vance Associates, LLC, defendant third-party plaintiff- respondent-appellant; U.S. Team, Inc., third-party defendant-respondent.


Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant-respondent.
Martyn, Toher, Martyn & Rossi, Mineola, NY (Thomas M. Martyn of counsel), for defendant third-party plaintiff-respondent-appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Duane A. Hart, J.), entered March 9, 2015, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment on the third-party cause of action for contractual indemnification.
ORDERED that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs to the plaintiff payable by the defendant third-party plaintiff, and one bill of costs to the defendant third-party plaintiff payable by the third-party defendant, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted, and the motion of the defendant third-party plaintiff for summary judgment on the third-party cause of action for contractual indemnification is granted.
The plaintiff, a construction worker employed by the third-party defendant (hereinafter the general contractor), allegedly sustained personal injuries when he fell from a scaffold while engaged in demolition work at a building owned by the defendant third-party plaintiff (hereinafter the defendant). The plaintiff subsequently commenced this action, alleging, among other things, that the defendant violated Labor Law § 240(1). The defendant commenced a third-party action against the general contractor, seeking, inter alia, contractual indemnification. Subsequently, the defendant moved for summary judgment on the third-party cause of action for contractual indemnification against the general contractor, and the plaintiff separately moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court denied both motions. The plaintiff appeals, and the general contractor cross-appeals.
The Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. Labor Law § 240(1) requires [*2]property owners and contractors to furnish, or cause to be furnished, safety devices, such as scaffolds, which are "so constructed, placed and operated as to give proper protection" to workers. "To establish liability pursuant to Labor Law § 240(1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries" (Viera v WFJ Realty Corp., 140 AD3d 737, 738). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that he was injured when he fell from a scaffold that lacked safety rails on the sides, and that he was not provided with a safety device to prevent him from falling (see Vasquez-Roldan v Two Little Red Hens, Ltd., 129 AD3d 828; Garzon v Viola, 124 AD3d 715, 716; Silva v FC Beekman Assoc., LLC, 92 AD3d 754, 755; Moran v 200 Varick St. Assoc., LLC, 80 AD3d 581, 582). In opposition, the defendant failed to raise a triable issue of fact.
Additionally, the Supreme Court should have granted the defendant's motion for summary judgment on the third-party cause of action for contractual indemnification against the general contractor. The defendant established its prima facie entitlement to judgment as a matter of law by submitting a copy of a "Release and Hold Harmless Agreement," together with evidence showing that it was free from any negligence in connection with the accident (see Brown v Two Exch. Plaza Partners, 76 NY2d 172; Reborchick v Broadway Mall Props., Inc., 10 AD3d 713, 714). In opposition, the general contractor failed to raise a triable issue of fact. The general contractor's reliance on General Obligations Law § 5-322.1 is misplaced, as that statute does not bar indemnification under the circumstances presented (compare Brown v Two Exch. Plaza Partners, 76 NY2d 172, and Cabrera v Board of Educ. of City of N.Y., 33 AD3d 641, 643, with Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786). Here, the defendant is liable to the plaintiff under Labor Law § 240(1) based solely upon its status as the owner of the premises. There is no evidence that the defendant was negligent, or that it directed, controlled, or supervised the manner in which the plaintiff performed his work (see Shea v Bloomberg, L.P., 124 AD3d 621).
Accordingly, the Supreme Court should have granted the plaintiff's motion, as well as the defendant's motion.
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court