Morocho v Boulevard Gardens Owners Corp. (2018 NY Slip Op 06730)





Morocho v Boulevard Gardens Owners Corp.


2018 NY Slip Op 06730


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-01815
 (Index No. 705056/13)

[*1]Gorque Morocho, respondent, 
v
Boulevard Gardens Owners Corp., appellant, et al., defendants.


Margaret G. Klein & Associates (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Seth M. Weinberg], of counsel), for appellant.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (Frank J. Lombardo and David M. Schwarz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Boulevard Gardens Owners Corp. appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered January 18, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against the defendant Boulevard Gardens Owners Corp.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a construction worker, allegedly was injured when he fell from a scaffold while renovating a unit in an apartment building owned by the defendant Boulevard Gardens Owners Corp. (hereinafter the defendant). The plaintiff commenced this action against the defendant, among others, asserting, inter alia, violations of Labor Law §§ 240(1) and 241(6). The plaintiff thereafter moved, among other things, for summary judgment on the issue of liability on those causes of action insofar as asserted against the defendant. In an order entered January 18, 2017, the Supreme Court granted those branches of the motion, and the defendant appeals.
The plaintiff met his prima facie burden of demonstrating a violation of Labor Law § 240(1) and that this violation was a proximate cause of his injuries, through his uncontradicted deposition testimony that he fell from a scaffold that did not have safety railings and that he was not provided with a safety device to prevent him from falling (see Bland v Manocherian, 66 NY2d 452, 461; Viera v WFJ Realty Corp., 140 AD3d 737, 738; Vasquez-Rodan v Two Little Red Hens, Ltd., 129 AD3d 828, 829; Moran v 200 Varick St. Assoc., LLC, 80 AD3d 581, 582; Madalinski v Structure-Tone, Inc., 47 AD3d 687; Vergara v SS 133 W. 21, LLC, 21 AD3d 279, 280). Similarly, the plaintiff met his prima facie burden with respect to his Labor Law § 241(6) cause of action by establishing that the scaffold was a movable scaffold that lacked safety railings in violation of 12 NYCRR 23-5.18(b) (see 12 NYCRR 23-5.18[b]; Moran v 200 Varick St. Assoc., LLC, 80 AD3d at 583; Ritzer v 6 E. 43rd St. Corp., 57 AD3d 412, 413; Vergara v SS 133 W. 21, LLC, 21 AD3d at 280). In opposition, the defendant failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 563).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against the defendant.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court