Correa v NY Developers & Mgt., LLC
2026 NY Slip Op 03143
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Kelvyn Correa, appellant,
v
NY Developers & Management, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2024-04391, (Index No. 516081/19)
Betsy Barros, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Siegel & Coonerty LLP, New York, NY (Steven Aripotch of counsel), for appellant.
Cipriani & Werner, P.C., Huntington, NY (William C. Lawlor of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated April 25, 2024. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted.
The plaintiff allegedly was injured when he fell from a scaffold while assisting a plumber on a worksite. The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). After discovery was completed, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). By order dated April 25, 2024, the Supreme Court, among other things, denied the plaintiff's motion. The plaintiff appeals.
The Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). "Labor Law § 240(1) imposes upon owners, contractors, and their agents, a nondelegable duty to provide workers with proper protection from elevation-related matters" (Ramirez v Pace Univ., 230 AD3d 811, 811-812; see Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613, 614). "To establish liability pursuant to Labor Law § 240(1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries" (Ramirez v Pace Univ., 230 AD3d at 812 [internal quotation marks omitted]).
Here, the plaintiff established a violation of Labor Law § 240(1) through his deposition testimony that he was injured when he fell from a scaffold that lacked safety rails and that he was not otherwise provided an appropriate safety device. The plaintiff further testified that the kickback from the hammer drill he was using caused the scaffolding to wobble and collapse, proximately causing both his fall and his subsequent injuries. Thus, the plaintiff established, prima facie, that the defendants violated Labor Law § 240(1), and that this violation was a proximate cause [*2]of his injuries (see Viera v WFJ Realty Corp., 140 AD3d 737, 738; Vasquez-Roldan v Two Little Red Hens, Ltd., 129 AD3d 828, 829). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact (see Vasquez-Roldan v Two Little Red Hens, Ltd., 129 AD3d at 829-830; Madalinski v Structure-Tone, Inc., 47 AD3d 687, 688).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court