■ ALESSANDRO DASILVA, Appellant, v STEPHEN NUSSDORF et al., Respondents. [45 NYS3d 531]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), dated November 14, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he fell from a ladder while painting a cottage located on the defendants' 16-acre residential estate. The cottage was formerly the residence of the defendants' part-time caretaker. After the caretaker moved out, the defendants retained the plaintiff's employer, nonparty Infinity Contracting, Inc., to renovate and repair the cottage. At the time of his accident, the plaintiff was using a ladder, which he believed belonged to the defendants. According to his deposition testimony, the ground on which the ladder was placed was uneven, soft, and filled with debris as a result of ongoing landscaping work. The plaintiff testified at his deposition that the ladder was defective and that it "penetrated the ground," causing him to fall and sustain injuries.

The plaintiff commenced this action against the defendants alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.

The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). Labor Law §§ 240 (1) and 241 (6) "provide an exemption for owners of single and two-family houses such that liability can only be imposed where the homeowner directs or controls the work being performed" (*Tomecek v Westchester Additions & Renovations, Inc.*, 97 AD3d 737, 738 [2012]). Here, the defendants made a prima facie showing that they were entitled to the protection of the homeowner's exemption by submitting evidence demonstrating that the work being performed directly related to the residential use of the cottage and that they did not direct or control the manner in which the plaintiff performed his work (*see Affri v Basch*, 13 NY3d 592,

596 [2009]; *Bartoo v Buell*, 87 NY2d 362, 368-369 [1996]; *Khela v Neiger*, 85 NY2d 333, 337-338 [1995]; *Chowdhury v Rodriguez*, 57 AD3d 121 [2008]; *DeSabato v 674 Carroll St. Corp.*, 55 AD3d 656, 658 [2008]; *Ramirez v Begum*, 35 AD3d 578 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Farias v Simon*, 122 AD3d 466, 467 [2014]; *Chowdhury v Rodriguez*, 57 AD3d at 126-127; cf. *Krukowski v Steffensen*, 194 AD2d 179, 180-184 [1993]).

The Supreme Court also properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have 'authority to exercise supervision and control over the work' " (*Rojas v Schwartz*, 74 AD3d 1046, 1046 [2010], quoting *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 735 [2008]; see *Chowdhury v Rodriguez*, 57 AD3d at 127-128). Where the plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 "if it 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition' " (*Rojas v Schwartz*, 74 AD3d at 1047, quoting *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Where, as here, an accident allegedly involves defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to an alleged violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards (*see DiMaggio v Cataletto*, 117 AD3d 984, 986 [2014]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52 [2011]). A defendant is entitled to summary judgment "only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard" (*Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d at 52).

Here, the defendants met their prima facie burden. They submitted evidence demonstrating that they did not have the authority to supervise or control the performance of the plaintiff's work (*see McFadden v Lee*, 62 AD3d 966, 966 [2009]; *Orellana v Dutcher Ave. Bldrs., Inc.*, 58 AD3d 612, 614 [2009];

*Affri v Basch*, 45 AD3d 615, 616 [2007]). In addition, their evidence demonstrated that they did not create the alleged dangerous conditions, or have actual or constructive notice of such conditions. With respect to the allegedly defective ladder, the defendants' submissions established that they did not own the ladder or provide the plaintiff with any of his materials or equipment (*see Chowdhury v Rodriguez*, 57 AD3d at 132). With respect to the allegedly uneven, soft ground filled with debris, the defendants demonstrated that they did not create the condition and, although they may have had general awareness that the ground was uneven and soft, such awareness was insufficient to impute notice of an unsafe condition (*see generally Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Mitchell v New York Univ.*, 12 AD3d 200, 201 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.