Lundy v Austein (2019 NY Slip Op 01586)





Lundy v Austein


2019 NY Slip Op 01586


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-13023
 (Index No. 150985/14)

[*1]John Lundy, respondent-appellant, 
v
Lance Austein, etc., et al., appellants-respondents, et al., defendant (and a third-party action).


Faust Goetz Schenker & Blee LLP, New York, NY (Lisa De Lindsay of counsel), for appellants-respondents.
Bisogno & Meyerson, LLP, Brooklyn, NY (Anthony M. Deliso and Patrick Bisogno of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Lance Austein and Stacey Austein appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated November 30, 2017. The order, insofar as appealed from, denied that branch of the motion of the defendants Lance Austein and Stacey Austein which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them. The order, insofar as cross-appealed from, granted that branch of the motion of the defendants Lance Austein and Stacey Austein which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
Following Hurricane Sandy, there was water and debris present throughout the basement of a building in Brooklyn owned by the defendant Stacey Austein. The defendant Lance Austein, Stacey Austien's husband (hereinafter together the Austeins), retained the defendant R & A Restoration, Inc., doing business as Servpro of Bullitt & North Nelson Counties (hereinafter Servpro) to perform "all necessary cleaning and/or restoration services" on the property. The plaintiff, a general laborer, was employed by Servpro to assist in the clean-up and restoration of the premises. The plaintiff's work consisted primarily of filling trash bags with debris from the basement and then placing those bags at the roadside. In order to perform the work, the plaintiff repeatedly had to traverse an exterior stairway which led from the rear of the building down to the basement entrance. While exiting the basement on one of his trips, the plaintiff allegedly was injured when he stepped into an uncovered drain hole at the bottom of the stairway outside the basement door.
The plaintiff commenced this action against, among others, the Austeins alleging, inter alia, violations of Labor Law §§ 200 and 241(6). The Austeins thereafter moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, granted that branch of the Austeins' motion which was for summary judgment dismissing the cause [*2]of action alleging a violation of Labor Law § 200 insofar as asserted against them, but denied that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them.
We agree with the Supreme Court's denial of that branch of the Austeins' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them. That cause of action is premised upon 12 NYCRR 23-1.7(e), a provision of the Industrial Code which prohibits tripping hazards in passageways and working areas. 12 NYCRR 23-1.7(e) has been held to be sufficiently specific to support a cause of action under Labor Law § 241(6) (see Burns v Lecesse Constr. Servs. LLC, 130 AD3d 1429, 1432-1433; Murphy v Columbia Univ., 4 AD3d 200, 202). Moreover, the Austeins did not demonstrate their prima facie entitlement to judgment as a matter of law on their theory that this provision was inapplicable to the facts of the plaintiff's accident. The deposition testimony of the plaintiff, which was submitted by the Austeins in support of their motion, established that, as the plaintiff stepped from the basement onto the bottom landing of the stairway, his foot became caught in what appeared to be an uncovered drain hole, causing him to trip and sustain injury. Given this evidence, the Austeins failed to show that the plaintiff's alleged injury did not result from the presence of a tripping hazard in the passageway he traversed, in violation of 12 NYCRR 23-1.7(e) (see generally Licata v AB Green Gansevoort, LLC, 158 AD3d 487, 489; McCullough v One Bryant Park, 132 AD3d 491, 492). The Austeins' additional contention that the plaintiff was engaged in mere "routine maintenance," and thus did not fall under the protections of Labor Law § 241(6), is not properly before this Court, as it is raised for the first time on appeal (see Becker v ADN Design Corp., 51 AD3d 834, 836-837).
We agree with the Supreme Court's grant of that branch of the Austeins' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against them. Where a plaintiff's injuries stem from a dangerous condition on the premises, "a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice" (Chowdhury v Rodriguez, 57 AD3d 121, 128). Furthermore, where the injury "arises out of defects or dangers in the methods or materials of the work," the property owner's potential liability hinges on his or her authority to supervise the work (id. at 128; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352). Here, in his bill of particulars the plaintiff referenced the alleged uncovered drain hole and inadequate lighting at the property in support of his Labor Law § 200 claim. However, the Austeins submitted evidence demonstrating that they neither created nor had actual or constructive notice of either of these purported defects. Moreover, they established that Servpro provided emergency lighting for the work area due to a blackout in the neighborhood following the storm, and that they did not have the authority to supervise or control either the placement of the lighting or the means and methods of the plaintiff's work (see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 991; Dasilva v Nussdorf, 146 AD3d 859, 860-861; Mammone v T.G. Nickel & Assoc., LLC, 144 AD3d 761, 762; McFadden v Lee, 62 AD3d 966, 967-968). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court