Leon-Rodriguez v Roman Catholic Church of Sts. Cyril & Methodius (2021 NY Slip Op 08228)





Leon-Rodriguez v Roman Catholic Church of Sts. Cyril & Methodius


2021 NY Slip Op 08228


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-13294
 (Index No. 26826/11)

[*1]Rafael Leon-Rodriguez, appellant-respondent,
v
Roman Catholic Church of Saints Cyril and Methodius, etc., et al., defendants third-party plaintiffs-respondents-appellants; Mybem Corp., third-party defendant-respondent.


Oresky & Associates, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel, for appellant-respondent.
O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, New York, NY (Robert W. Gifford and Max S. Sverdlove of counsel), for defendants third-party plaintiffs-respondents-appellants.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Denis Farrell of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants third-party plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated November 15, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(b) and (c)(2), and 23-5.3(e). The order, insofar as cross-appealed from, denied those branches of the cross motion of the defendants third-party plaintiffs which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(b) and (c)(2), and 23-5.3(e), and on their causes of action in the third-party complaint for contractual indemnification and to recover damages for breach of contract.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.3(e), and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof denying those branches of the cross motion of the defendants third-party plaintiffs which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the third-party defendant, payable by the defendants third-party plaintiffs.
The defendant third-party plaintiff Hundred Crowns, LLC, hired the defendant third-party plaintiff Deluxe Home Builders Corp. (hereinafter Deluxe) to be the general contractor on a project to renovate a building that Hundred Crowns, LLC, had leased from the building's owner, the defendant third-party plaintiff Roman Catholic Church of Saints Cyril and Methodius (hereinafter the Church). Deluxe hired the third-party defendant, Mybem Corp. (hereinafter Mybem), to demolish the building's interior.
The plaintiff, an employee of Mybem, was injured while demolishing a ceiling in the building, using a scaffold which did not have any safety railings. The plaintiff was prying wood beams off of the concrete structure above the drop ceiling, which he had already demolished, when a large piece of concrete dislodged and fell. The plaintiff was hit with the concrete and fell off of the scaffold.
The plaintiff commenced this action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The defendants third-party plaintiffs commenced a third-party action against Mybem, seeking, among other things, contractual indemnification and damages for breach of contract. The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(b) and (c)(2), and 23-5.3(e). The defendants third-party plaintiffs cross-moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and common-law negligence, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(b) and (c)(2), and 23-5.3(e), and on the causes of action in the third-party complaint seeking contractual indemnification and damages for breach of contract. The Supreme Court denied the aforementioned branches of the motion and cross motion. The plaintiff appeals and the defendants third-party plaintiffs cross-appeal.
"Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (Zoto v 259 W. 10th, LLC, 189 AD3d 1523, 1524; see Labor Law § 240[1]). To establish liability pursuant to Labor Law § 240(1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287-289). There can be more than one proximate cause of an accident (see Cruz v DiSalvo, 188 AD3d 986).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action, through his deposition testimony that the scaffold he was using lacked any safety railings and that he tried to grab onto something as he fell from the scaffold but "there was nothing to grab" (see Morocho v Boulevard Gardens Owners Corp., 165 AD3d 778; Viera v WFJ Realty Corp., 140 AD3d 737, 738; Moran v 200 Varick St. Assoc., LLC, 80 AD3d 581, 582). In opposition, the defendants third-party plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action.
Similarly, the plaintiff met his prima facie burden with respect to so much of the Labor Law § 241(6) cause of action as was predicated upon 12 NYCRR 23-5.3(e), by establishing that the scaffold lacked safety railings in violation of that regulation and that such violation was a proximate cause of his injuries (see Morocho v Boulevard Gardens Owners Corp., 165 AD3d 778; Moran v 200 Varick St. Assoc., LLC, 80 AD3d at 582). In opposition, the defendants third-party plaintiffs failed to raise a triable issue of fact. Thus, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated upon 12 NYCRR 23-5.3(e).
However, neither the plaintiff nor the defendants third-party plaintiffs met their prima facie burdens on those branches of the motion and cross motion which were with regard to so much of the Labor Law § 241(6) cause of action as was predicated upon 12 NYCRR 23-5.1(b) and (c)(2). Thus, the Supreme Court properly denied that branch of the plaintiff's motion which was for [*2]summary judgment on the issue of liability on so much of that cause of action as was predicated upon those regulations, and that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment dismissing so much of that cause of action as was predicated upon those regulations.
Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877). To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to exercise supervision and control over the work (see Dasilva v Nussdorf, 146 AD3d 859, 860; Chowdhury v Rodriguez, 57 AD3d 121, 127-128). Where a plaintiff's injuries arise from a dangerous condition on the premises, an owner may be liable under Labor Law § 200 if it either created or had actual or constructive notice of the dangerous condition (see Dasilva v Nussdorf, 146 AD3d at 860), and a general contractor may be liable if it had control over the work site and actual or constructive notice of the dangerous condition (see Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d 1099). Where, as in the present case, a plaintiff alleges both that the accident arose from defects in the premises and from the manner in which the work was performed, a defendant moving for summary judgment is obligated to address the proof applicable to both liability standards (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52).
Here, the defendants third-party plaintiffs demonstrated, prima facie, that they did not have the authority to supervise or control the plaintiff's work, which was controlled by Mybem (see Melendez v 778 Park Ave. Bldg. Corp., 153 AD3d 700, 702). The defendants third-party plaintiffs further demonstrated, prima facie, that they did not create or have actual or constructive notice of any alleged defect in the concrete ceiling. Since the concrete ceiling had been covered by a drop ceiling until the drop ceiling was demolished by Mybem, any alleged defect in the concrete ceiling was latent and not discoverable upon a reasonable inspection (see Carrillo v Circle Manor Apts., 131 AD3d 662, 664). In opposition to these showings, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the cross motion of the defendants third-party plaintiffs which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action.
The Supreme Court properly denied that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on the contractual indemnification cause of action against Mybem. A party's right to contractual indemnification depends upon the specific language of the relevant contract (see Gurewitz v City of New York, 175 AD3d 658, 664). A promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (see id. at 664). Here, the defendants third-party plaintiffs failed to establish, as a matter of law, that Mybem agreed to indemnify the Church and Hundred Crowns, LLC, or that those parties were intended third-beneficiaries of the contract between Deluxe and Mybem (see Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 504; see generally Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786). In any event, under the contract at issue, Mybem's duty to indemnify was limited to liabilities, including attorneys' fees, incurred as a result of its negligence. Since the defendants third-party plaintiffs failed to demonstrate, prima facie, that the accident was caused by Mybem's negligence, that branch of their cross motion which was for summary judgment on the contractual indemnification cause of action was properly denied (see Pena v 104 N. 6th St. Realty Corp., 157 AD3d 709, 711).
Finally, the defendants third-party plaintiffs failed to demonstrate, prima facie, that Mybem breached the insurance procurement provisions of its contract with Deluxe, and thus, that branch of their cross motion which was for summary judgment on the breach of contract cause of action against Mybem was properly denied.
MASTRO, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court