Vickers v Parcells (2021 NY Slip Op 05762)





Vickers v Parcells


2021 NY Slip Op 05762


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

532014
[*1]William Vickers, Respondent,
v
Duane Charles Parcells, Also Known as Bill Parcells, Appellant.

Calendar Date:September 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Barclay Damon LLP, Albany (Michael J. Murphy of counsel), for appellant.
Hanson Law Firm, PC, Schenectady (Kristie H. Hanson of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (J. Walsh, J.), entered July 27, 2020 in Saratoga County, which partially denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff commenced this action seeking to recover for injuries he sustained after falling off of a stepladder while trimming a tree on defendant's property in the City of Saratoga Springs, Saratoga County. The complaint alleged claims sounding in common-law negligence and nuisance. In an amended verified bill of particulars, plaintiff set forth two theories of liability on the negligence claim — one premised on a dangerous condition theory and the other on a means and methods theory. As to the former, plaintiff asserted that the dangerous condition was "the plac[ement] of the ladder into an area covered in mulch[,] which made the ladder unstable and unsafe." With respect to the means and methods theory, plaintiff alleged that defendant controlled his work by directing him to trim the tree without the appropriate equipment. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, arguing that he did not have actual or constructive notice of any dangerous condition on the premises and did not exercise supervisory control over plaintiff's work. Plaintiff opposed the motion. Supreme Court, as relevant here, denied defendant's motion, finding that triable issues of fact existed on both theories of liability.[FN1] Defendant appeals.
We agree with defendant that Supreme Court erred in denying his motion for summary judgment seeking to dismiss the negligence cause of action. "On a motion for summary judgment, the movant must establish its prima facie entitlement to summary judgment as a matter of law by presenting competent evidence that demonstrates the absence of any material issue of fact" (Aretakis v Cole's Collision, 165 AD3d 1458, 1459 [2018] [internal quotation marks and citations omitted]). "If the movant makes such a showing, thereby satisfying this burden, the burden then shifts to the nonmovant to demonstrate that a triable issue of fact exists" (Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1210 [2020] [citation omitted]). Upon such a motion, the facts must be viewed in a light most favorable to the nonmoving party (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]).
A homeowner will only be liable in negligence for injuries arising from a contractor's unsafe work practices where the owner had supervisory control over the work and actual or constructive knowledge of the unsafe manner of the performance (see Lombardi v Stout, 80 NY2d 290, 294-295 [1992]; Card v Cornell Univ., 117 AD3d 1225, 1226 [2014]; Fassett v Wegmans Food Mkts., Inc., 66 AD3d 1274, 1275-1276 [2009]). Where the injury was caused by a dangerous condition on the premises, it must be shown that the owner had control of the place of injury and either created the dangerous condition or had actual or constructive notice [*2]of it (see Dasilva v Nussdorf, 146 AD3d 859, 860 [2017]; Tate v Golub Props., Inc., 103 AD3d 1080, 1081 [2013]; Sotire v Buchanan, 150 AD2d 971, 971-972 [1989]).
In support of his motion for summary judgment, defendant submitted, among other things, a transcript of plaintiff's deposition testimony. Plaintiff explained that he first began performing yard work for defendant in 2010, which consisted of mowing his lawn, spreading mulch, picking up leaves, trimming bushes and sealing the driveway. He testified that in 2014 — prior to the incident and while defendant was in Florida — he had purchased mulch and spread it around defendant's property, including around the tree where the subject accident later occurred. Plaintiff confirmed that he had ordered and paid for the mulch, and that defendant had not given him any direction about where it should be spread.
As to the underlying incident, plaintiff testified that, during the afternoon of September 27, 2014, he and two friends went to defendant's property with the intent of trimming defendant's bushes. Plaintiff supplied his own equipment for the job, including a stepladder and a gas-powered trimmer. Plaintiff maintained that defendant was in the pool when he arrived and asked him to "take th[e] limbs" off of the birch trees at the back of the property — a task that defendant had never before requested.[FN2] Plaintiff conceded that he was the one who made the decision about which branches to trim and, to perform the task, placed his stepladder under one of the birch trees with its back legs resting on mulch. Plaintiff then climbed the ladder and began trimming the tree while his friend — Frank Charlebois — directed which branches to cut. When plaintiff was sweeping the trimmer from left to right, he noticed the ladder start to tip and he ultimately fell to the ground, sustaining injuries. Although plaintiff confirmed that he never told defendant that he needed special equipment to trim the trees, he testified that he would have brought other equipment to support the ladder if he had known that defendant was going to make that request.
Defendant also submitted a transcript from his own deposition, during which he confirmed that plaintiff performed work on his property "on his own schedule" and without "any specific instructions in terms of what to do." Explaining that he had another property in Florida, defendant testified that his schedule usually had him in Saratoga Springs from mid-May until mid-October and that defendant's "spring cleanup" of his Saratoga Springs property — including the spreading of mulch — likely occurred prior to his return. Like plaintiff, defendant testified that, to his knowledge, he never provided plaintiff with equipment while he was performing services on his property. Defendant denied being home when the accident occurred and "absolutely [did] not" recall asking plaintiff to cut the trees.
Defendant also submitted the deposition testimony of Charlebois, who [*3]confirmed that he and plaintiff had spread mulch at defendant's property prior to the incident. Like plaintiff, Charlebois recalled that defendant was at home in the pool on the date of the incident. Although he did not hear defendant directly tell plaintiff to trim the trees, Charlebois recalled plaintiff talking to defendant in the pool and then turning around and stating — "[h]e wants the trees trimmed." While plaintiff and Charlebois were setting up the ladder to perform that task, Charlebois observed defendant get out of the pool and state, "Send the big guy up and just be careful" — a statement that Charlebois interpreted as being directed at him.
On this record, defendant demonstrated his prima facie entitlement to judgment as a matter of law dismissing the complaint. Although defendant's proof did not obviate the factual discrepancies as to whether defendant was on the premises or asked to have the trees trimmed, these discrepancies are of no moment. With respect to the means and methods theory, whether defendant was present on the property at the time of the accident does not create an inference of supervisory control (see e.g. Rivera v Ambassador Fuel & Oil Burner Corp., 45 AD3d 275, 276 [2007]; Matter of New York City Asbestos Litig., 25 AD3d 374, 374 [2006]). Even assuming that defendant had a conversation with plaintiff, the request to trim the trees was a general instruction about what needed to be done without any direction about how to perform the task (see Matter of Mitchell v NRG Energy, Inc., 125 AD3d 1542, 1544 [2015]; O'Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, 226 [2006], affd 7 NY3d 805 [2006]; cf. Lane v Karian, 210 AD2d 549, 550 [1994]). It is undisputed that defendant neither provided any equipment for the project nor directed the manner in which the ladder was placed or the trimming performed (see Mondragon-Moreno v Sporn, 189 AD3d 1574, 1576 [2020]; Van Hoesen v Dolen, 94 AD3d 1264, 1265 [2012], lv denied 19 NY3d 809 [2012]). Accordingly, defendant established, prima facie, that he did not have supervisory control over the means and methods by which plaintiff chose to perform the work (see Lombardi v Stout, 80 NY2d at 294-295).
As to the dangerous condition theory of liability, even assuming that the placement of the ladder on a bed of mulch constituted a dangerous condition — a dubious premise to begin with (see Brown v George, 138 AD3d 466, 466-467 [2016]) — defendant did not create the hazard, as it is undisputed that plaintiff and his associates were the ones who spread the mulch and placed the ladder (see Korostynskyy v 416 Kings Hwy., LLC, 136 AD3d 758, 759 [2016]; see generally Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1047 [2012]). Nor is there any evidence that defendant had actual or constructive notice of the allegedly dangerous condition. Defendant was not shown to have expertise in landscaping and, even if he was inside the house when the ladder was being set up on the mulch, [*4]this general awareness would be insufficient to establish notice of an unsafe condition (see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; Dasilva v Nussdorf, 146 AD3d at 861). Having established his prima facie entitlement to judgment as a matter of law on the negligence claim, the burden shifted to plaintiff to demonstrate a triable issue of fact. Plaintiff failed to do so, as the evidence he submitted in opposition to the motion — consisting of affidavits from himself, Charlebois and another worker — merely reiterated the facts already borne out by defendant's submissions, which do not raise any triable issues of fact.
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendant, by reversing so much thereof as partially denied defendant's motion for summary judgment; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: Although not reflected in the record on appeal, Supreme Court noted in its order that plaintiff had withdrawn the nuisance claim and it therefore dismissed this cause of action on that basis; plaintiff takes no issue with this conclusion on appeal.

Footnote 2: At the time of the incident, plaintiff was unclear as to whether defendant was inside the house or had left the property.