| Veloso v City of New York |
|:---:|
| 2024 NY Slip Op 33918(U) |
| November 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158128/2020 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. PAUL A. GOETZ** | **PART** **47** |
| *Justice* | |

-------------------------------------------------------------------------------X

ARMINDO VELOSO, ROSA VELOSO,

                      Plaintiffs,

               - v -

THE CITY OFNEW YORK, THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY, DELTA AIRLINES, INC.,
STV INCORPORATED, SATTERFIELD AND PONTIKES
CONSTRUCTION, INC., STV/S&P AS A JOINT VENTURE,

                      Defendants.

| |
|---|
| **INDEX NO.** 158128/2020 |
| **MOTION DATE** 02/23/2024 |
| **MOTION SEQ. NO.** 002 |

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112

were read on this motion to/for                 JUDGMENT - SUMMARY         .

This is an action to recover damages for personal injuries allegedly sustained by a construction worker on January 29, 2020, when, while excavating a trench, debris dislodged from one of the trench's walls and fell on him. Defendants now move pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's[1] complaint which includes causes of action for common law negligence and violations of Labor Law §§ 200, 240(1), 241(6); and plaintiff cross-moves pursuant to CPLR § 3212 for summary judgment on his Labor Law §§ 240(1) and 241(6) causes of action.

## BACKGROUND

Defendant City of New York (the City) owns LaGuardia Airport (LGA), which it leases to defendant Port Authority of New York and New Jersey (Port Authority) (NYSCEF Doc No

---

[1] For the purposes of this decision and order, "plaintiff" shall refer to Armindo Veloso, as the physically injured party. Plaintiff Rosa Veloso is Armindo's wife, alleging loss of services and society (NYSCEF Doc No 1 ¶ 17).

**158128/2020 VELOSO, ARMINDO vs. CITY OFNEW YORK**
**Motion No. 002**

Page 1 of 11

77); Port Authority, in turn, leases terminals C and D to defendant Delta Airlines Inc. (Delta) (NYSCEF Doc No 78). Delta hired defendant STV Inc. and Satterfield & Pontikes Construction Inc., as a joint venture (STV/S&P), as the construction manager for a large-scale project to "reconfigure[e] certain airside and other elements of [the] Terminals" (NYSCEF Doc No 79). Delta also hired J. D'Annunzio & Sons Inc. (D&S) as a contractor to excavate certain roads and install new utilities (NYSCEF Doc No 80).

Plaintiff's Testimony

Plaintiff, an employee of D&S, arrived at the construction site (the premises) on January 28, 2020 for a night shift beginning at 10 p.m. (NYSCEF Doc No 105, 14:15-24). At the start of his shift, a D&S foreman, Pedro Nagera, instructed plaintiff and several other workers to continue excavating the road, as plaintiff had been doing for about a week (*id.* at 15:3-17:2). Plaintiff descended into a trench, approximately 5 feet wide, with a bottom that sloped from approximately 7 feet deep on one side to about 11-13 feet deep on the other (*id.* at 18:20-20:2, 21:7-11). It was rectangular in shape, with wooden shoring on all sides except for the one the workers were instructed to dig into (NYSCEF Doc No 106, 63:13-16). Once inside the trench, plaintiff and his coworker, Jose Borges, excavated through the night and into the following morning, using shovels and a chipping gun to dig (NYSCEF Doc No 105, 20:3-21:14).

At around 3 a.m. on January 29, 2020, plaintiff was working at the deeper end of the trench when he heard another worker shout at him to "watch out" (*id.* at 36:5-37:9, 44:3-46:13). A large piece of debris—"a mixture between stone and brick and cement [] all rolled together"— dislodged from the unshored wall and rolled from the higher end of the slope to where plaintiff stood and struck his leg; plaintiff fell on his back on a pile of stones behind him, sustaining injuries (*id.* at 46:13-49:14, 53:2-55:20; see also NYSCEF Doc No 75 [investigation report]).

**158128/2020  VELOSO, ARMINDO vs. CITY OFNEW YORK**
**Motion No.  002**

Page 2 of 11

2 of 11

[* 2]

Defendants' Witnesses

Joseph Grabler, a senior project engineer for D&S, testified that he inspected the trench at around the start time of plaintiff's shift on January 28, 2020 and recalled that "the sheeting was in good condition, [] the bracing . . . had no indications of being moved or kinked, and [] the trench was clean of any [] debris" (NYSCEF Doc No 81, 42:2-43:13). Kent Franks, a safety manager for STV/S&P, stated that "[b]efore the incident in this case, no one ever reported any issues with respect to the excavation or shoring" and "there were no complaints or prior incidents concerning object[s] falling or rolling while . . . the trench was being excavated" (NYSCEF Doc No 76). Ryan Marzullo, a managing director of New York design and construction at Delta, stated that "Delta had no knowledge of any defects or issues in the excavation trench" and "[n]either the City nor Port [Authority] ever advised Delta that they received such complaints" (NYSCEF Doc No 75).

## DISCUSSION

Plaintiff's Opposition and Cross-Motion

Initially, as defendants note in their reply papers, plaintiff requested and was granted adjournments of his deadline to file an opposition on three occasions (NYSCEF Doc Nos 92, 95, 98). On the last day of plaintiff's third-extended deadline, July 12, 2024, plaintiff filed a notice of cross-motion (NYSCEF Doc No 99). Defendants argue that plaintiff's cross-motion is untimely because plaintiff filed the note of issue in December 2023, defendants moved for summary judgment in February 2024, and despite requesting numerous adjournments, plaintiff never asked the court for permission to file a cross-motion (NYSCEF Doc No 112). Defendants do not cite any authority for this position and plaintiff filed his cross-motion before his adjourned deadline, so his motion will be considered. However, instead of filing a memorandum of law or

**158128/2020   VELOSO, ARMINDO vs. CITY OF NEW YORK**
**Motion No.  002**

Page 3 of 11

[* 3]

3 of 11

affirmation in support of plaintiff's opposition and cross-motion, plaintiff filed a copy of

*defendants'* affirmation in support of their motion (NYSCEF Doc No 100). Since plaintiff failed

to file a memorandum or attorney affirmation, there are no legal arguments to consider on

plaintiff's behalf, but plaintiff's expert affidavit (NYSCEF Doc No 111) will be considered.

Plaintiff's remaining exhibits will not be considered, as no foundation has been laid.

Defendants' Motion

"It is well settled that 'the proponent of a summary judgment motion must make a prima

facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to

demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060,

1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make

such showing requires denial of the motion, regardless of the sufficiency of the opposing papers"

(*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]).

"Once such a prima facie showing has been made, the burden shifts to the party opposing the

motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact

which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept

2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any

triable issues exist, not to determine the merits of any such issues or to assess credibility"

(*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010]

[internal citations omitted]). The evidence presented in a summary judgment motion must be

examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza

Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339

[2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of

**158128/2020  VELOSO, ARMINDO vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 4 of 11**

4 of 11

fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

i.      *Labor Law § 200 and Common Law Negligence*

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005], citing *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). It provides that worksites "shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places" (Labor Law § 200[1]).

"Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2nd Dept 2008]). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*id.*). In contrast, where the manner of work is concerned, "recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*id.*). Further, "no liability will attach to the owner solely because it may have had notice of the allegedly unsafe manner in which work was performed" (*Dennis v City of New York*, 304 AD2d 611, 611 [2nd Dept 2003]).

Defendants argue that plaintiff's Labor Law § 200 and negligence claims fail under either theory. First, defendants argue that it was D&S, not defendants, that controlled the means and

**158128/2020   VELOSO, ARMINDO vs. CITY OFNEW YORK**
**Motion No.  002**

**Page 5 of 11**

5 of 11

methods of plaintiff's work. The evidence submitted supports defendants' position, as plaintiff himself testified that he only received instructions on how to perform his work from other D&S employees (NYSCEF Doc No 105, 65:19-23). Second, defendants argue that they did not create any allegedly dangerous condition, as only D&S employees were involved in shoring and excavating the trench; nor did they have notice that the piece of debris which struck plaintiff could become dislodged, as no dangerous condition was observed in the last performed inspection (NYSCEF Doc No 81, 42:2-43:13), no one complained to or warned defendants of any safety issue, and there was no evidence that a similar incident had previously occurred (NYSCEF Doc Nos 75, 76). Here, as defendants "submitted evidence demonstrating that they did not have the authority to supervise or control the performance of the plaintiff's work" and that "they did not create the alleged dangerous condition[], or have actual or constructive notice [beyond a] general awareness" of the dangers of excavation (*Dasilva v Nussdorf*, 146 AD3d 859, 860-61 [2nd Dept 2017]), defendants have met their prima facie burden. Accordingly, the part of defendants' motion seeking summary judgment dismissing plaintiff's common law negligence and Labor Law § 200 causes of action will be granted.

ii.    *Labor Law § 240(1)*

Labor Law § 240(1) provides that all general contractors and owners, "in the [] demolition . . . of a building or structure shall furnish [] devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." Labor Law § 240(1) "imposes absolute liability on [those] whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011] [internal quotation marks and citation omitted]) and is intended to be liberally construed to achieve the purpose for which it was framed

**158128/2020   VELOSO, ARMINDO vs. CITY OFNEW YORK**
**Motion No. 002**

Page 6 of 11

6 of 11

(*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]). However, "not every object that falls on a worker[] gives rise to the [statute's] extraordinary protections; [rather], liability is contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*Narducci v Manhasset Bay Assocs.*, 96 NY2d 259, 267 [2001]). Regarding falling object cases in particular, "[a] plaintiff must show that the object fell[] while being hoisted or secured" (*id.* at 268).

Here, defendants argue that the protections of Labor Law § 240(1) are inapplicable because plaintiff's accident did not arise from a gravity-related risk as contemplated under the statute. Defendants are correct; the "injuries sustained by [plaintiff] by reason of the alleged accident are not compensable pursuant to Labor Law § 240 (1) since the dislodging of the [debris] was not attributable to the kind of extraordinary elevation-related risk that the statute was intended to guard against but was rather the result of a structural infirmity of a sort routinely encountered during construction site work" (*Meis v ELO Org. LLC*, 282 AD2d 211, 212 [1st Dept 2001]; *Matter of Fischer v State*, 291 AD2d 815 [4th Dept 2002] [Labor Law § 240(1) inapplicable where plaintiff was injured by a piece of concrete that was dislodged from the ground at the top of the excavation]; *McGuire v Independent Cement Corp.*, 255 AD2d 646, 649 [3rd Dept 1998] [Labor Law § 240(1) inapplicable where plaintiff was "injured by a piece of concrete which was allegedly dislodged by the vibrations of the machinery used on the floor above him'"]). Furthermore, the piece of debris "that fell on plaintiff was not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell, and thus Labor Law § 240 (1) does not apply" (*Narducci v Manhasset Bay Assocs.*, 96 NY2d 259, 268 [2002]; *Xidias v Morris Park Contr. Corp.*, 35 AD3d 850, 851 [2nd Dept 2006] ["The framed window that [dislodged and] fell on the plaintiff was not a material being hoisted or a load that

**158128/2020   VELOSO, ARMINDO vs. CITY OFNEW YORK**
**Motion No.  002**

**Page 7 of 11**

7 of 11

[* 7]

required securing at the time it fell, and thus Labor Law § 240 (1) does not apply"]). Accordingly, the part of defendants' motion seeking summary judgment dismissing plaintiff's Labor Law § 240(1) cause of action will be granted, and plaintiff's cross-motion seeking summary judgment on this cause of action will be denied.

    *iii.    Labor Law § 241(6)*

Labor Law § 241(6) provides that "[a]ll areas . . . shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." The obligations imposed under Labor Law § 241 are non-delegable, meaning that once a plaintiff has established a violation, he need not demonstrate that the owner or general contractor exercised supervision or control over the worksite (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]). In order to state a viable Labor Law § 241 claim, a plaintiff must allege that the defendant violated a specific standard of conduct under the Industrial Code (*Toussaint v Port Auth. of N.Y.*, 38 NY3d 89, 94 [2022]). Plaintiff's bill of particulars cites violations of Industrial Code §§ 23-1.7(f); 23-4.1(b)[2]; 23-4.2(a), (b), (e), (f), (g), (j) and (k); 23-4.3; 23-4.4(a), (b), (c), (d), (f), (g) and (l); and 23-4.5(a), (c), (d), (e), (g), (h), (i), (j) and (k) (NYSCEF Doc No 74).

Industrial Code §§ 23-1.7(f); 23-4.2(e), (f), (g) and (j); 23-4.4(b), (c), (d), (f), (g) and (l); 23-4.3; and 23-4.5(a), (c), (d), (e), (g), (h), (i), (j) and (k): Defendants sufficiently explained why each of these sections are either inapplicable or have been complied with, and plaintiff's expert did not address them. Therefore, plaintiff's Labor Law § 241(6) claim cannot be predicated upon these sections.

---

[2] Defendants assert that this section should not be considered because plaintiff cited it for the first time in his papers on the instant motion, however, plaintiff did cite it in his bill of particulars (see NYSCEF Doc No 74 at ¶ 5).

**158128/2020   VELOSO, ARMINDO vs. CITY OFNEW YORK**    **Page 8 of 11**
**Motion No.  002**

8 of 11

Industrial Code §§ 23-4.1(b); 23-4.2(a)(k): As defendants note, both these sections are "insufficiently specific to support a Labor Law § 241(6) claim" (*Mann v Mezuyon LLC*, 225 AD3d 569, 570 [1st Dept 2024] [in reference to § 23-4.2(k)]); *Reyes v Astoria 31st St. Devs. LLC*, 190 AD3d 872 [2nd Dept 2021] [in reference to § 23-4.1(b)]). Therefore, plaintiff's Labor Law § 241(6) claim cannot be predicated upon these sections.

Industrial Code § 23-4.2(a): Industrial Code § 23-4.2(a) provides that "[w]henever any person is required to work in or is lawfully frequenting any trench or excavation five feet or more in depth which has sides or banks with slopes steeper than those permitted in Table I of this Subpart, such sides or banks shall be provided with sheeting and shoring in compliance with this Part (rule)." Defendants argue that they were in compliance with this section, as detailed in the report attached to the affidavit of Michael Tracey P.E., expert witness for defendants (NYSCEF Doc No 87). However, plaintiff's expert witness, Edward Zemeck P.E., asserts that in this case, "this section required that all the sides, including the front wall, be sheeted, shored, and braced" (NYSCEF Doc No 111). In reply, defendants' expert notes that it would have been impossible to fully shore the front wall of the trench, as this was a surface that was being actively excavated, and Zemeck failed to address this issue. Therefore, plaintiff's Labor Law § 241(6) claim cannot be predicated upon this section.

Industrial Code § 23-4.2(b): Industrial Code § 23-4.2(b) provides that "[w]here the sides or banks of a trench or area type excavation may be sloped back without causing subsidence or damage . . . , sloping of the excavation sides or banks may be used as protection in lieu of the sheeting and shoring." Defendants argue that this provision is inapplicable because the trench at issue had vertical sides, rather than sloping sides. Zemeck states that in his opinion, "directing workers to perform excavation activities in a trench with walls that were not properly sloped was

**158128/2020  VELOSO, ARMINDO vs. CITY OFNEW YORK**
**Motion No.  002**

**Page 9 of 11**

9 of 11

a violation" of the section (NYSCEF Doc No 111). However, he provides no support for this opinion and therefore it is insufficient to overcome defendants' showing that the section does not apply. Therefore, plaintiff's Labor Law § 241(6) claim cannot be predicated upon this section.

Industrial Code § 23-4.4(a): Finally, § 23-4.4(a) provides that "Where any excavation is not protected by sloped sides or banks in compliance with Table I of this Subpart, any person in such excavation shall be protected by sheeting, shoring and bracing in compliance with Tables II, III and IV of this Subpart." Defendants argue that there was no violation of this section, as the trench was properly shored, leaving exposed only the surfaces which were being actively excavated. Zemeck opines that "the trench should have been completely safeguarded with shoring, bracing and/or sloping" on all four sides (NYSCEF Doc No 111). Once again, this does not provide a feasible solution, as a surface cannot be excavated and be "completely safeguarded" at the same time. Moreover, Zemeck's affidavit fails to explain how the shoring in place was not in compliance with the Industrial Code Rules. Therefore, plaintiff's Labor Law § 241(6) claim cannot be predicated upon this section.

Since each of plaintiff's claims of violations of the Industrial Code fail, his Labor Law § 241(6) cannot be sustained. Accordingly, the part of defendants' motion seeking summary judgment dismissing plaintiff's Labor Law § 241(6) cause of action will be granted, and plaintiff's cross-motion seeking summary judgment on this cause of action will be denied.

iv.    Loss of Services and Society

Since Armindo Veloso's causes of action will be dismissed, Rosa Veloso's cause of action will also be dismissed, as it is "derivative in nature" (*Weiss v Vacca*, 219 AD3d 1375, 1378 [2nd Dept 2023] [dismissing loss of consortium cause of action because "dismissal of the primary causes of action mandates dismissal of this derivative cause of action as well"]).

**158128/2020   VELOSO, ARMINDO vs. CITY OFNEW YORK**
**Motion No.  002**

**Page 10 of 11**

10 of 11

## CONCLUSION

Based on the foregoing, it is

ORDERED that defendants' motion is granted; and it is further

ORDERED that plaintiff's cross-motion is denied; and it is further

ORDERED that the clerk is directed to enter judgment accordingly, with costs and

disbursements to defendants as taxed by the clerk.

20241104164054PG0ETZ13BB2B8E9DAFC485B91B39F777654AEDE

__11/4/2024__
__DATE__

__PAUL A. GOETZ, J.S.C.__

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

158128/2020   VELOSO, ARMINDO vs. CITY OF NEW YORK
Motion No.  002

Page 11 of 11

11 of 11